IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-2, § § § § § § Plaintiff, § § V. § § ANGEL ROB AND KCEVIN ROB, § § Defendants. § | | 1-15-CV-552 RP |

## ORDER

Before the Court are Plaintiff's Motion To Dismiss Defendants' Counterclaims Pursuant [to] Federal Rule of Civil Procedure 12(b)(6), filed December 18, 2015 (Clerk's Dkt. #22) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

Plaintiff Wilmington Trust, National Association filed this action in its capacity as Trustee of ARLP Securitization Trust, Series 2014-2 ("Wilmington") naming as defendants Angel and Kcevin Rob. According to Plaintiff, on July 26, 2007 Kcevin Rob ("Mr. Rob") executed a Texas Home Equity Note ("Note"), secured by a Security Instrument granting a security interest in real property (collectively "the Loan") located at 12003 Thompkins Drive, Austin, Texas ("the Property"). The lender was EquiFirst Corporation ("EquiFirst"). (Plf. 1st Am. Compl. ¶ 6). Wilmington alleges it is the current owner and holder of the Note, through a series of assignments. (*Id.* ¶ 7).

Plaintiff further alleges, on June 20, 2014, Ocwen Loan Servicing LLC ("Ocwen") sent a notice to Defendants advising them that Ocwen was acting as mortgage servicer for Wilmington. According to Plaintiff, Mr. Rob has failed to make his payments under the Note and on March 5,

2012 notice of default and intent to accelerate were sent to Mr. Rob at the Property.  (*Id.* ¶¶ 9-11). Plaintiff alleges the default has not been cured to date.  (*Id*. ¶ 11).

Although not precisely clear, it appears the Loan was first accelerated on June 22, 2011. Plaintiff states that acceleration was rescinded pursuant to a written notice of rescission sent to Defendants on October 30, 2014.  (*Id*.).

By way of this lawsuit, Plaintiff seeks to judicially foreclose on the Property.  Plaintiff alternatively seeks a judgment that it is equitably subrogated to all amounts paid to other creditors on behalf of the Defendants after their default.  (*Id*. ¶¶ 13-22).

In response to Plaintiff's complaint, Defendants filed their answer and counterclaims.  They assert a counterclaim under Section 50 of the Texas Constitution for forfeiture of all principal and interest purportedly due under the Loan.  According to Defendants, Plaintiff failed to comply with the terms of extension of credit by issuing two Home Equity Loans and by failing to provide notice and opportunity to cure prior to filing this action, all in violation of Section 50 of the Texas Constitution.  They contend the violations render the extension of credit and any related lien void. (Def. Ans. at 7-8).

Defendants also assert that they were not timely informed of the transfer and assignment of their Security Instrument to Plaintiff.  They allege this failure constitutes a violation of 15 U.S.C. § 1641(g).  (*Id*. at  8-9).

Plaintiff has now filed a motion to dismiss Defendants' counterclaims, arguing they fail as a matter of law.  The parties have filed responsive pleadings and the motion is now ripe for review.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S.

163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

## III.  DISCUSSION

Defendants assert two counterclaims. The first seeks relief under the Texas Constitution, based on Plaintiff's alleged issuance of two home equity loans and failure to provide notice prior to initiating suit. The second asserts Plaintiff failed to comply with 15 U.S.C. § 1641(g)(1) of the Truth in Lending Act ("TILA")

**A.     Multiple Loan Obligations**

Plaintiff first moves to dismiss Defendants' counterclaim asserting a violation of the Texas Constitution's prohibition on issuance of multiple loan obligations as untimely brought. Texas does not have a specific statute of limitations applicable to violations of the Texas Constitution. Rather, the so-called "residual" limitations period applies. Under Texas law, the statute referred to as the "residual" limitations period states "[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after

the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. The Fifth Circuit has confirmed the four-year limitations period applies to claims asserting violations of Section 50 of the Texas Constitution. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013) (four-year limitations period applies to claims asserting home equity loan transaction violated Section 50). The parties agree the loan transaction underlying this lawsuit occurred in 2007. Defendants filed their answer and counterclaims on November 27, 2015, well more than four years later.

The parties disagree as to whether Defendants are therefore barred from asserting their counterclaims. Defendants point out that while claims asserting violations of Section 50 of the Texas Constitution are generally governed under a four-year limitations period, Texas law permits otherwise untimely claims to be asserted as counterclaims.

Defendants' argument relies on a Texas statute ("Section 16.069(a)") which provides:

> If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.069(a). Section 16.069(a) is intended to prevent a party from waiting until an opponent's valid claim, arising out of the same transaction or occurrence, is time-barred before asserting its own claim. *Holman Street Baptist Church v. Jefferson*, 317 S.W.3d 540, 545 (Tex. App.–Houston [14th Dist.] 2010, pet. denied); *Wells v. Dotson*, 261 S.W.3d 275, 281 (Tex. App.–Tyler 2008, no pet.)

For a counterclaim to arise out of the "same transaction or occurrence" as the original claim, there must be a "logical relationship" between the claims. The essential facts on which the counterclaim is based must be significantly and logically relevant to both claims. *Smith v. Ferguson*, 160 S.W.3d 115, 120 (Tex. App.–Dallas 2005, pet. denied); *Frazier v. Havens*, 102 S.W.3d 406, 411 n.3 (Tex. App.–Houston [14th Dist.] 2003, no pet.). Under this test, a transaction

4

is flexible, comprehending a series of many occurrences logically related to one another. *Wells v. Dotson*, 261 S.W.3d 275, 281 (Tex. App.--Tyler 2008, no pet.)

According to Defendants, the "transaction or occurrence" at issue in this lawsuit is the home equity loan. Plaintiff, in contrast, contends the "transaction or occurrence" is the subsequent default by Defendants, not the original execution and validity of the home equity loan.

Unfortunately, no party has cited any case law to support their respective positions. The Court's research reveals that at least two Texas courts have concluded defendant's counterclaim alleging deception in the formation of a contract arose from the same transaction or occurrence as the plaintiff's claim for breach of that same contract, and was thus not time-barred. *Wells*, 261 S.W.3d at 281; *Reed v. Kagan*, 2003 WL 22416388, at *7 (Tex. App.--Fort Worth Oct. 23, 2003, pet. denied) (in breach of contract case trial court erred in dismissing counterclaims asserting deception in formation of contract as time-barred). Accordingly, the Court declines to find Plaintiff has established as a matter of law that Defendants' counterclaim asserting a violation of the Texas Constitution's prohibition on issuance of multiple loan obligations are time-barred.

Plaintiff next contends Defendants' counterclaim asserting a wrongful issuance of multiple loan obligations fails to allege facts sufficient to state a claim for relief. As Plaintiff correctly points out, the only factual allegation Defendants assert in support of their counterclaim under the Texas Constitution is that "Plaintiff's pleading suggest two home equity loans in violation of Tex. Const. Art. XVI, Sec. 50(a)(6)(K)." (Def. Ans. ¶ 32). The Court has little trouble finding that this conclusory statement falls well short of even the mandate of Rule 8 to allege a "short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Plaintiff's motion to dismiss this claim is properly granted.

**B.    Notice**

Plaintiff also moves to dismiss Defendants' counterclaim asserting Plaintiff violated the

Texas Constitution by failing to comply with the terms of the Security Instrument which purportedly require notice prior to the initiation of suit.  Specifically, Defendants cite language in the Security Instrument which provides:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(Plf. 1st Am. Compl. Ex. B ¶ 19).

As Plaintiff points out, this argument was raised by Defendants in their motion to dismiss Plaintiff's claims against them.  In rejecting this argument the Court noted that Defendants failed to consider the allegations in, and attachments to, Plaintiff's complaint.  Plaintiff has alleged a notice of default and intent to accelerate, which included affording Defendants an opportunity to cure their default, was mailed to Defendants on March 5, 2012.  (*Id*. ¶ 11 & Ex. E).  Admittedly, Plaintiff later provided Defendants with a written notice of rescission of the subsequent acceleration.  (*Id*. & Ex. F).  But, Defendants were clearly provided with the notice required under the terms of the Security Instrument.  And they point to nothing which indicates that a rescission by Plaintiff of the acceleration of the debt would act as a rescission of the previously provided notice.  Accordingly, the Court concludes Defendants' counterclaim based on inadequate notice is properly dismissed.

**C.      Truth in Lending Act**

Plaintiff finally argues Defendants' counterclaim under TILA should be dismissed.  By way of this counterclaim Defendants allege they did not receive notice of the transfer and assignment of their Security Instrument by Plaintiff prior to Plaintiff attempting to foreclose.  In pertinent part, TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or

otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1).

Plaintiff contends Defendants' TILA counterclaim fails because Defendants have failed to affirmatively allege that the Security Instrument was assigned to Plaintiff. Rather, Plaintiff points out that, in response to Plaintiff's allegation that the Security Instrument was assigned to it, Defendants have stated they "lack sufficient knowledge or information to form a belief as to the factual allegations." (Def. Ans. ¶ 7). Defendants only other allegation in relation to this counterclaim is that "[a]n assignment included as an exhibit in th[e] amended application [for judicial foreclosure] purported that the described Security Instrument was transferred to Wilmington on December 14, 2014." (*Id*. ¶ 35). Other courts in this state have concluded a claim under TILA asserting failure to timely notify the borrower of a transfer of a mortgage loan requires affirmative pleading of the ownership of the loan. *See Chambers v. Citimortgage, Inc.*, 2014 WL 1819970, at *4 (W.D. Tex. May 7, 2014) (allegation by borrower that he does not know who owns his loan amounts to failure to plead essential element of TILA claim); *Price v. U.S. Bank Nat'l Ass'n*, 2013 WL 3976624, at * 10–11 (N.D. Tex. Aug. 2, 2013) (dismissing TILA claim where plaintiff purported to have "no idea" who owned her mortgage). The motion to dismiss should, therefore, be granted as to this counterclaim.

## IV. AMENDMENT

As a final matter, in responding to the motion to dismiss, Defendants request leave to file amended counterclaims to address any pleading deficiencies. Courts are to "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid

dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Plaintiff does not express any opposition to Defendants' request for leave to amend their pleading to address the above-identified deficiencies. Accordingly, the Court will afford Defendants an opportunity to do so by filing amended counterclaims within fourteen days. Should they fail to do so, the dismissal of their counterclaims will stand.

## V.  CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion To Dismiss Defendants' Counterclaims Pursuant [to] Federal Rule of Civil Procedure 12(b)(6) (Clerk's Dkt. #22). Defendants are ordered to file amended counterclaims within **fourteen days** of the date of this order addressing the deficiencies identified in this order.

**SIGNED** on April 5, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE