IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity but as Trustee of ARLP SECURITIZATION TRUST, SERIES 2014-2, § § § § § § §  Plaintiff, § § v. § 1:15-CV-552-RP § ANGEL ROB and KCEVIN ROB, § § §  Defendants. § | | |

## ORDER

Before the Court in the above-entitled matter is Plaintiff's Motion for Summary Judgment, (Dkt. 41), and the responsive pleadings thereto. Having reviewed the filings, the relevant law, and the factual record, the Court hereby issues the following Order.

**I. Background**

Plaintiff Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2 ("Plaintiff") seeks a judicial foreclosure of a Texas Home Equity Security Instrument lien on real property owned by Defendants Angel Rob and Kcevin Rob ("Defendants"). (First Am. Compl., Dkt. 9, at 5). Plaintiff filed its First Amended Complaint, the live pleading in this case, on August 4, 2015. (*See generally id.*). On April 26, 2016, Defendants filed an Answer and Amended Counterclaim raising the affirmative defenses of (1) limitations; (2) incapacity; (3) forfeiture or uncollectability pursuant to Article XVI, Section 50(a)(6)(K) of the Texas Constitution; and (4) forfeiture pursuant to Article XVI, Section 50(a)(6)(Q)(x) of the Texas Constitution. (Am. Answer, Dkt. 30, ¶¶ 25–28).

1

Plaintiff subsequently filed a Motion for Summary Judgment seeking relief pursuant to Federal Rule of Civil Procedure 56(c). (Pl.'s Mot. Summ. J., Dkt. 41, ¶ 9). Plaintiff argues that summary judgment is appropriate because (1) the summary judgment evidence conclusively proves that a debt exists that the debt is secured by a lien, that default has occurred, and that Plaintiff provided proper service of a notice of default; (2) foreclosure is not time-barred; (3) Defendants have provided no evidence in support of their incapacity defense; and (4) Defendants' constitutional defect defenses are baseless. (*Id.* ¶ 12).

Defendants then filed a Response characterizing Plaintiff's motion as a motion for partial summary judgment. (Defs.' Resp., Dkt. 44, at 1 n.1). That filing argued that summary judgment is improper in this case because Plaintiff (1) failed to plead a valid contract or lien; (2) failed to fulfill conditions precedent required by the Security Instrument; and (3) is "inherently seeking reformation of certain instruments," which was not pled and which is barred by the applicable statute of limitations. (*Id.* ¶ 23). Plaintiff then filed a Reply in support of its motion, (Dkt. 45), which was the subject of Defendants' subsequent Motion to Strike, (Dkt. 46). The Court denied that Motion to Strike on November 1, 2016.

## II. Legal Standards

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view this evidence in the light most favorable to the non-movant, *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993), and should "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Because this case comes before the Court on the basis of diversity jurisdiction, the Court applies Texas substantive law to the following analysis. 28 U.S.C. § 1332; *Westerman v. Sears, Roebuck & Co.*, 577 F.2d 873, 879 (5th Cir. 1978) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

### III. Discussion

Plaintiff seeks judgment allowing it to proceed with judicial foreclosure. (First Am. Compl., Dkt. 9, at 5).[1] To foreclose under a deed of trust with a power of sale, Texas law requires the lender or its assignee to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and

---

[1] In the alternative, Plaintiff seeks foreclosure based on the doctrine of equitable subrogation. (First Am. Compl., Dkt. 9, at 6).

security instrument; and (4) the lender has properly served the borrower with notice of default and, if applicable, notice of acceleration. Tex. Prop. Code. § 51.002(d); *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x. 306 (5th Cir. 2014).

A. *Conditions precedent*

Defendants argue that Plaintiff "confuses the remedies of judicial foreclosure and foreclosure by exercise of power of sale," (Defs.' Resp., Dkt. 44, 31–33), and that Plaintiff must therefore meet a higher standard than the one outlined in *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014). That argument runs counter to established case law and ignores the fact that *Huston* itself involved a judicial-foreclosure claim. *Huston*, 583 F. App'x at 306, 307. As such, the Court will evaluate Plaintiff's claim using the *Huston* framework.

1. <u>Whether a debt exists and is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution</u>

The evidence in this case establishes that a debt exists and is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution. Specifically, the record establishes that Defendant Kcevin Rob executed a Note ("Note") in the principal amount of $113,600.00 on or about July 26, 2007. (Pl.'s Mot. Summ. J., Dkt. 41, Exs. A ¶ 4, A-1). The Note was payable to Equifirst Corporation as lender on a loan secured by the property commonly known as 12003 Thompkins Drive, Austin, Texas, 78753 ("Property"). (*Id.*) The property is more particularly described as follows:

> LOT 17, BLOCK F, AMENDED PLAT OF COPPERFIELD SECTION TWO-A, AN ADDITION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN BOOK 85, PAGES 30A-30C, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

(*Id.*).

The evidence also establishes that Defendants concurrently executed a Texas Home Equity Security Instrument ("Security Instrument") securing payment of the Note with a lien on the Property. (*Id.* at Exs. A ¶ 4, A-2). Defendants dispute this in their Response, arguing that the Security Instrument "identifies the Property as collateral for a note other than the Note Plaintiff claims to own or hold." (Defs.' Resp., Dkt. 44, ¶ 25). In support of this contention, Defendants note that the Security Instrument "identifies the Property as collateral for a note executed by 'Kcevin Rob and Angel Rob, husband and wife as joint tenants,'" whereas the note provided by Plaintiffs "is executed solely by Kcevin Rob and thus is not the note described by [the Security Instrument]." (*Id.* ¶ 26). However, in an oral deposition, Defendant Kcevin Rob admitted that the note proffered as evidence by Plaintiff is the note referenced in the Security Instrument. (Dep. Kcevin Rob, Dkt. 41-4, at 60 ll. 2–3 and Exs. 2, 3).[2] As such, and despite Defendants' contention otherwise, there is no genuine dispute as to whether the note identified in the Security Instrument is the same as the note provided by Plaintiff. A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 254. Here, Mr. Rob has conceded that the Note presented by Plaintiff is the Note referenced in the Security Instrument. As such, no reasonable jury could find for Defendants with respect to this issue.

Defendants further argue that Plaintiff has failed to plead the existence of a valid lien because Plaintiff did not plead that (1) the home equity loan included any of the terms outlined in Sections 50(a)(6)(A)–(P) of Article XVI of the Texas Constitution; (2) the loan was made on the

---

[2] Defendants dispute this characterization of the deposition testimony, but the transcript is clear. When asked whether Exhibit No. 3 referenced Exhibit No. 2, Mr. Rob replied: "Yes, sir." (Dep. Kcevin Rob, Dkt. 41-4, at 60 ll. 2–3). The Security Instrument provided by Plaintiff was marked as Exhibit No. 3, and the Note provided by Plaintiff was marked as Exhibit No. 2. (*Id.* at Exs. 2, 3). The portions of the deposition testimony Defendants offer in support of their argument establish merely that Mr. Rob challenged the legal validity of the Note and Security Instrument. They do not rebut Mr. Rob's statement that the Security Instrument provided by Plaintiff secures payment of the Note with a lien on the Property. (*See id.* at 31 ll. 21–25 (quoting Mr. Rob as saying, in part, "[T]his Texas Home Equity Security Instrument, it defines borrower as Kcevin Rob and Angel, husband and wife. This note only defines borrower as Kcevin Rob. So this – that's not valid . . . ."); *id.* at 59 ll. (quoting Mr. Rob as saying, "[Y]ou have a security instrument that defines borrower as Kcevin and Angel Rob, which is referring to Exhibit 2 which only has Kcevin Rob. They don't match. Because they don't match . . . . Wilmington doesn't have the capacity to foreclose.")).

5

condition that it included the provisions set forth in Sections 50(a)(6)(Q)(x)–(xi) of the same article; or (3) that the loan agreement included a term stating that the loan is not secured by homestead property that on the date of closing was designated for agricultural use. (Defs.' Resp., Dkt. 44, ¶ 37–40). As Plaintiff notes in its Reply, (Pl.'s Reply, Dkt. 45, ¶ 3), Defendants cite no authority for the proposition that Plaintiff must affirmatively plead that the lien complies with each requirement outlined in the state constitution. As such, Defendants fail to raise a legal issue or create a genuine issue of material fact with respect to whether the debt in question was secured by a valid lien.

2. Whether Defendants are in default under the Note and Security Instrument

Under the terms of the Note and Security Instrument, Kcevin Rob was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. (*Id.* at Exs. A-2, A-3). Under the terms of the Note, a failure to pay the full amount of each monthly payment on the date it is due constitutes a default. (*Id.* at Exs. A, A-1 ¶ 6(B)). Kcevin Rob defaulted on the Note by failing to make his payments when due, as he admitted during an oral deposition. (*Id.* at Ex. A ¶ 6; Dep. Kcevin Rob, Dkt. 41-4, at 31 ll. 14–19).[3] The Loan Agreement (comprising the Note and Security Instrument) is currently due and owing for the March 1, 2011 payment and all subsequent monthly payments. (Pl.'s Mot. Summ. J., Dkt. 41, at Ex. A ¶ 6).

3. Whether Plaintiff properly served Defendants with notice of default and acceleration

In the event of default, the terms of the Security Instrument allow for acceleration of all sums secured by the Security Instrument after proper notice to Defendants. (*Id.* at Ex. A-2 ¶ 21). State Bridge Company, LLC ("State Bridge"), the mortgage servicer for Plaintiff's predecessor,

---

[3] Defendants' Response disputes this, again by attempting to recharacterize Mr. Rob's deposition testimony. (Defs.' Resp., Dkt. 44, ¶ 29 ("Defendants submit the note identified by Defendant Kcevin Rob is the note set forth in the Security Instrument, not the Note.").) This argument is without merit, as discussed *supra*.

mailed a notice of default and intent to accelerate to Kcevin Rob by certified mail on April 15, 2011. (*Id.* at Ex. A ¶ 7, A-4). Mr. Rob failed to cure the default. (*Id.* at Ex. A ¶ 7). State Bridge mailed a notice of acceleration to Mr. Rob by certified mail on June 22, 2011. (*Id.* at Exs. A ¶ 8, A-5). State Bridge mailed a second notice of default and intent to accelerate to Mr. Rob on March 5, 2012. (*Id.* at Exs. A ¶ 9, A-6). Mr. Rob again failed to cure the default, (*id.* at Ex. A ¶ 9), and State Bridge — acting through counsel—mailed a notice of acceleration to Defendants by certified mail on May 22, 2013, (*id.* at Exs. A ¶ 10, A-7).

On June 20, 2014, Ocwen Loan Servicing LLC ("Ocwen") sent a notice to Defendants advising them that Ocwen was acting as mortgage servicer for Plaintiff. (*Id.* at Exs. A ¶ 11, A-8). On November 3, 2014, Plaintiff—through counsel—mailed a Notice of Rescission of Acceleration to Defendants by certified mail. (*Id.* at Exs. A ¶ 12, A-9). Plaintiff and Ocwen then filed the instant lawsuit, which they assert constitutes acceleration of the debt. (*Id.* ¶ 18; *see generally* First Am. Compl., Dkt. 9).

Defendants argue that Plaintiff failed to properly serve notice on Defendants because it did not provide a notice of acceleration before filing suit. (Defs.' Resp., Dkt. 44, ¶ 41). This argument was previously raised by Defendants in their motion to dismiss, and the Court rejected it then. (Order, Dkt. 28, at 6). A notice of default and intent to accelerate were sent to Mr. Rob on March 5, 2012. (Pl.'s Mot. Summ. J, Dkt. 41, Exs. A ¶ 9, A-6). While Plaintiff later provided Defendants with a written notice of rescission of the subsequent acceleration, (*id.* at Exs. A ¶ 12, A-9), Defendants were clearly provided with the notice required under the terms of the Security Instrument. Moreover, Defendants point to nothing indicating that a rescission by Plaintiff of the acceleration of the debt would act as a rescission of the previously provided notice. As such, there is no genuine dispute as to whether Plaintiff properly served Defendants with notice of default and acceleration.

B.  *Whether Plaintiff is the Proper Party to Enforce Available Remedies*

The Texas Property Code provides that "[m]ortgagee means: (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4). Plaintiff is the current owner and holder of the Note, which is endorsed in blank, as well as the mortgagee of the Security Instrument pursuant to a series of assignments. (Pl.'s Mot. Summ. J., Exs. A ¶ 5, A-1.) Plaintiff is also the beneficiary of the Security Instrument pursuant to a series of assignments. (*Id.* at Exs. A ¶ 5, A-3).As such, Plaintiff is the proper party to enforce the remedies afforded to the lender under the terms of the loan agreement.

C.  *Defendants' Affirmative Defense of Limitations*

In their Amended Answer, Defendants "assert the affirmative defense of limitations." (Am. Answer, Dkt. 30, ¶ 25). Defendants' Response does not address this defense. (*See generally* Defs.' Resp., Dkt. 44 (addressing limitations only in the context of Plaintiff's alleged attempt to seek reformation of certain instruments, an argument rejected by the Court *supra*)). Moreover, the summary judgment evidence establishes that foreclosure is not time-barred.

Under Texas law, a lender must foreclose under a power of sale or bring suit to foreclose within four years of accrual of the cause of action. *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679 (5th Cir. 2015). Generally speaking, the foreclosure cause of action does not accrue until four years after the maturity date of the loan. *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). However, if a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated. *Id.* A note holder may abandon acceleration unilaterally by agreement or actions. *Boren v. United States Nat'l Bank* Ass'n, 807 F.3d 99, 106 (5th. Cir. 2015) (upholding a lender's unilateral rescission of acceleration when the lender "unequivocally manifested an intent to abandon

8

the previous acceleration and provided [the plaintiffs] with an opportunity to avoid foreclosure if they cured their arrearage"). Abandonment of acceleration "has the effect of restoring the contract to its original condition." *Khan*, 371 S.W.3d at 353.

In the instant case, the debt was first accelerated on June 22, 2011. (Pl.'s Mot. Summ. J., Dkt. 41, Ex. A-5). That acceleration was abandoned on March 5, 2012, when State Bridge mailed Defendants a notice of default and intent to accelerate. (*Id.* at Ex. A-6). The debt was accelerated again on May 22, 2013, (*id.* at Ex. A-7), meaning that the availability of foreclosure would expire on May 22, 2017. However, the May 22, 2013 acceleration was rescinded on October 30, 2014, when Plaintiff's counsel mailed Defendants a notice of rescission of acceleration. (*Id.* at Ex. A-9). As such, Plaintiff's current effort to seek judicial foreclosure—which was first filed on June 25, 2015—is not time-barred.

D. *Defendants' Affirmative Defense of Incapacity*

Defendants' Amended Answer asserts the affirmative defense of incapacity. (Am. Answer, Dkt. 30, ¶ 26). Defendants, who do not raise this argument in their Response to Plaintiff's Motion for Summary Judgment, have provided no evidence in support of this defense. When questioned regarding the factual basis for this defense at his deposition, Defendant Kcevin Rob responded that it was based on the fact that the Security Instrument defines "borrower" as Kcevin and Angel Rob, whereas the Note refers only to Kcevin Rob. (Dep. Kcevin Rob, Dkt. 41-4, at 58 ll. 22–25, 59 ll. 1–8). The Court rejected this argument in its April 5, 2016, Order, (Dkt. 28), and in previous sections of the instant Order. For the same reasons, it does so again now.

E. *Defendants' Allegation of Constitutional Defects*

Defendants' Amended Answer alleges two constitutional defects: that "Plaintiff's pleadings suggest two home equity loans in violation of Tex. Const. Art. XVI, Sec. 50(a)(6)(K)" and that the

alleged failure to provide a written notice of acceleration prior to filing this suit is a constitutional defect. (Am. Answer, Dkt. 30, ¶¶ 27–28). The Court has addressed both of these arguments elsewhere in the instant Order, finding them meritless.

F. *Whether Plaintiff Seeks Reformation of Certain Instruments*

Finally, Defendants' argue that Plaintiff "is inherently seeking reformation of certain instruments, which was not pled and for which the statute of limitations as pled by Defendants bars Plaintiff's claims." (Defs.' Resp., Dkt. 44, ¶ 44). This assertion is a reincarnation of Defendants' previous assertion that the Security Instrument identifies the Property as collateral for a note other than the note Plaintiff claims to own or hold. The Court previously noted that this argument "falls well short of even the mandate of Rule 8 to allege a 'short and plain statement of the claim showing that the pleader is entitled to relief'" and that the only factual allegation Defendants assert in support of that claim is that "Plaintiff's pleading suggest two home equity loans." (Order, Dkt. 28, at 5). The Court also addressed this argument in the instant Order, *see supra*, and rejects it again here.

## IV. Conclusion

Defendants assert that Plaintiff's Motion for Summary Judgment is in fact a motion for partial summary judgment because it does not address Plaintiff's cause of action for equitable subrogation. (Defs.' Resp., Dkt. 44, ¶ 16). As noted above, Plaintiff seeks foreclosure based on the doctrine of equitable subrogation only as an alternative to its request for a judgment allowing it to proceed with judicial foreclosure. For the reasons detailed above, the Court finds that Plaintiff is entitled to a judgment of judicial foreclosure. It is thus not necessary to discuss the applicability of the doctrine of equitable subrogation.

Plaintiff has shown that there is a no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. As such, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment, (Dkt. 41).

**IT IS HEREBY ORDERED** that all hearing and trial settings are hereby **CANCELED**.

**IT IS FURTHER ORDERED** that Plaintiff file a proposed order of final judgment with the Court no later than November 18, 2016.

**SIGNED** on November 8, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE